# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WESLEY KANE CAMPBELL,<br><br>    Plaintiff,<br><br>    v.<br><br>LEE BACA, LOS ANGELES SHERIFF,<br><br>    Defendant. | No. CV 11-3903 GW (AJW)<br><br>**MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**Proceedings**

Plaintiff, a state prisoner proceeding pro se, paid the filing fee and filed a complaint under 42 U.S.C. § 1983 against Los Angeles County Sheriff Lee Baca ("Baca") in his official capacity only. For the reasons described below, the complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1)-(2).

Plaintiff has three options:

(1) Plaintiff **may continue this action in this court** by filing a document labeled **"First Amended Complaint"** within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must attempt to correct the deficiencies described below.

(2) Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge dismissal of the complaint by seeking appellate review

|   |   |
|---|---|
| 1 |  of this order in the Ninth Circuit Court of Appeals. If the court receives timely written notice of |
| 2 |  plaintiff's intent not to file an amended complaint, this action will be dismissed with prejudice, and |
| 3 |  plaintiff will be free to appeal the order of dismissal. See Edwards v. Marin Park, Inc., 356 F.3d |
| 4 |  1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). |

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this court's order. See Edwards, 356 F.3d at 1063-1066.

**Plaintiff is cautioned that failure to file an amended complaint within the time permitted by this order may result in the dismissal of this action with prejudice**.

## Plaintiff's Allegations

The complaint alleges the following facts. Plaintiff was fed feces in his meals while housed in "the jail at MSB." [Complaint 5]. He was declassified as a confidential informant with the "West Hollywood Sheriff" after family members came forward with "with two lewd acts on a child . . . ." [Complaint 6]. Unidentified sheriff's deputies kept plaintiff in a cell "for 4 days and 3 nights with no food, no water and no clothing"; told plaintiff "to 'piss' water to take [his] meds'"; and "tried to throw [plaintiff] into a room full of SouthSiders while [he] was a fish green light row." [Complaint 5-6]. Plaintiff "had to slice [his] wrists all year to avoid getting killed as an informer and false crimes as a child molester." [Complaint 5].

Plaintiff seeks $15 million in damages. He also wants Baca to "clear my jacket up . . . ." [Complaint 6].

## Discussion

On its own motion or the motion of a party, the court "shall" dismiss a complaint that seeks relief against a governmental entity or officer or employee of a governmental entity, or a complaint brought by a prisoner with respect to prison conditions, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1)-(2).

A complaint may be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S.544, 570 (2007), and citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1950.

A pro se complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam) (citing Estelle v. Gamble, 429 U.S. 97, 106 91976)); see Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010)(stating that "we continue to construe pro se filings liberally when evaluating them under Iqbal," and "particularly in civil rights cases, . . . to afford the [plaintiff] the benefit of any doubt") (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

**Section 1983 pleading standard**

Plaintiff has the burden of pleading and proving each essential element of his section 1983 claims. See Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996 (1997); Leer v. Murphy, 844 F.2d 628, 632-633 (9th Cir. 1988). A section 1983 plaintiff "must plead two essential elements": (1) the defendants acted under color of state law, and (2) the defendants caused plaintiff to be deprived of a right, privilege, or immunity secured by the Constitution and laws of the United States. Johnson, 113 F.3d at 1117; see 42 U.S.C. § 1983.

Plaintiff alleges that Baca acted under color of law by engaging in "professional negligence, defamation, [and] slander." [Complaint 3]. To state a section 1983 claim, however, plaintiff must allege that Baca's conduct deprived him of the rights protected by the Constitution or laws of the United States. A negligent act by a person acting under color of law does not rise to the level of a constitutional violation.

County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998); Whitley v. Albers, 475 U.S. 312, 319 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). In addition, defamation or slander are not actionable under section 1983, even when done under color of state law. Paul v. Davis, 424 U.S. 693, 701-710 (1976); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd 460 U.S. 719 (1983).

**Official capacity claims against Baca**

Plaintiff has sued Baca in his official capacity only. A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself. Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir.), cert. denied, 534 U.S. 1066 (2001); Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996). Because Baca acts as official policy-maker for the County of Los Angeles (the "County") in his role as administrator of the County jail, plaintiff's section 1983 claim against Baca in his official capacity is a claim against the County. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1189-1192 (9th Cir. 2002); Streit v. County of Los Angeles, 236 F.3d 552, 564-565 (9th Cir.), cert. denied, 534 U.S. 823 (2001).

**Municipal liability**

A municipality such as the County is a "person" under section 1983; however, a municipality "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). A municipality may be liable under section 1983 for monetary, declaratory, or injunctive relief where the constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-404 (1997). To establish municipal liability, plaintiff must show: (1) he was deprived of a constitutional right; (2) the County had a policy, practice, or custom; (3) the policy, practice, or custom amounted to deliberate indifference to one or more of plaintiff's constitutional rights; and (4) the policy, practice, or custom was the "moving force behind the constitutional violation." Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996), cert. denied, 519 U.S. 1111 (1997); see Brown, 520 U.S. at 407.

Plaintiff has not alleged any facts suggesting that Baca promulgated or implemented an official policy, practice or custom in his role as administrator of the County jails that was the "moving force" behind

1 | the alleged violations of plaintiff's rights by unidentified sheriff's deputies. Therefore, the complaint fails
2 | to state a cognizable federal claim against Baca in his official capacity.

**Conclusion**

A pro se litigant must be given leave to file an amended complaint unless it is absolutely clear that the defective complaint cannot be cured by amendment. See Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (explaining that "unless it is absolutely clear that no amendment can cure the defect," a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend). Plaintiff may be able to plead additional facts in support of his claims. Accordingly, the complaint is **dismissed with leave to amend** in accordance with the instructions at the beginning of this order.

May 17, 2011

_____
ANDREW J. WISTRICH
United States Magistrate Judge